IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

THE UNITED STATES OF AMERICA *ex rel.*
MICHELE COFFMAN,

  Plaintiff-Relator,

  v.

THE CITY OF LEAVENWORTH, KANSAS,

  Defendant.

Case No. 14-2538-JAR

**MEMORANDUM AND ORDER**

  Before the Court is the City of Leavenworth, Kansas' ("the City") Motion for Partial Judgment on the Pleadings (Doc. 107). The City seeks dismissal of Count III for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and (c), because Plaintiff did not provide pre-suit notice as required by K.S.A. § 12-105b. The motion is fully briefed and the Court is prepared to rule. For the reasons stated below, the Court grants the motion.

**I. Legal Standard**

  Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for dismissal of a claim where the court lacks subject matter jurisdiction. Federal courts are courts of limited jurisdiction and, as such, must have a statutory or constitutional basis to exercise jurisdiction.[1] A court lacking jurisdiction must dismiss the claim, regardless of the stage of the proceeding, when it becomes apparent that jurisdiction is lacking.[2] The party who seeks to invoke federal

---

[1] *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); *see United States v. Hardage*, 58 F.3d 569, 574 (10th Cir. 1995) ("Federal courts have limited jurisdiction, and they are not omnipotent. They draw their jurisdiction from the powers specifically granted by Congress, and the Constitution, Article III, Section 2, Clause 1." (internal citations omitted)).

[2] *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

jurisdiction bears the burden of establishing that such jurisdiction is proper.[3]  Mere conclusory allegations of jurisdiction are not enough.[4]

**II.     Analysis**

The City previously made the same argument against Count V in its motion for summary judgment[5] and prevailed.  On summary judgment, this Court rejected Plaintiff's alternative arguments and concluded: 1) Plaintiff did not provide the City with 105b-pre-suit notice because the unsealing of a complaint and media coverage were post-suit; 2) 105b's pre-suit-notice requirement and the False Claims Act's ("FCA") seal requirement did not procedurally conflict as Plaintiff could comply with both statutes by providing pre-suit notice and then file a sealed complaint; and 3) Plaintiff had failed to provide any authority to support the proposition that compliance with the FCA's seal requirement excused noncompliance with 105b.[6]

In response to this motion, Plaintiff abandons any substantial compliance argument and urges this Court to find 105b's notice requirement void as a matter of both public policy and law.[7]  She essentially concedes that Count III, a whistleblower retaliation claim under Kansas law, is a tort claim under the Kansas Tort Claims Act ("KTCA"), and that she did not provide 105b notice to the City, a Kansas municipality.  Instead, she argues that because 105b's notice requirement directly conflicts with the FCA's seal requirement and stands as an obstacle to the

---

[3] *Montoya*, 296 F.3d at 955.

[4] *United States ex rel. Hafter, D.O. v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999).

[5] Doc. 92.

[6] Doc. 106 at 47–48.

[7] Doc. 113 at 2.

FCA's objective, the Supremacy Clause[8] applies and the FCA preempts 105b.  The Court finds Plaintiff's preemption arguments unavailing.

Conflict preemption occurs either when compliance with both the federal and state laws is a physical impossibility, or when the state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.[9]  "Congressional intent is the touchstone of any preemption analysis."[10]

First, the Court remains convinced that it is not physically impossible to comply with 105b's notice requirement and the FCA's seal requirement.  Plaintiff can provide 105b-notice, wait the allotted time, and then file a quit tam complaint under seal.  Plaintiff acknowledges as much when she presented this approach as option 1 of 7 in prosecuting her claims.  She, however, argues that this approach forces the Federal Government to forfeit claims and damages that are beyond the six-year limitations period of 31 U.S.C. § 3731(b) due to 105b's 120-day waiting period.[11]  Section 3731's limitations period, however, does not apply to Count III, a tort under the KTCA.  Instead, the 2-year statute of limitations under K.S.A. § 60–513 applies to retaliatory discharge claims and accrues at the time of termination or constructive discharge.[12]

---

[8] The Supremacy Clause provides that the laws of the United States "shall be the supreme Law of the Land ... any Thing in the Constitution or Laws of any State to the contrary notwithstanding."  U.S. Const. art. VI., cl. 2. Where state and federal laws conflict, the state law is "without effect."  *Mutual Pharm. Co., Inc. v. Bartlett*, 133 S. Ct. 2466, 2472–73 (2013).

[9] *Cerveny v. Aventis, Inc.*, 855 F.3d 1091, 1098 (10th Cir. 2017) (citing *Mount Olivet Cemetery Ass'n v. Salt Lake City*, 164 F.3d 480, 486 (10th Cir. 1998)).

[10] *Mount Olivet Cemetery Ass'n*, 164 F.3d at 486 (citing *Wis. Pub. Intervenor v. Mortier*, 501 U.S. 597, 604 (1991)).

[11] *Id.* at 10.

[12] *Riggs v. Boeing Co.*, 12 F. Supp. 2d 1215, 1217 (D. Kan. 1998) ("When actions filed in District Court rely on state law, statute of limitations of forum determines limitation period in federal court."); *Pfeifer v. Fed. Exp. Corp.*, 304 P.3d 1226, 1234 (Kan. 2013) (holding the two-year statute of limitations under K.S.A. § 60-513(a)(4) applies to common-law retaliatory discharge claim).

And even if § 3731 applied and limited damages, the prospect of forfeiting three months of damages would not discourage a relator from filing suit to recover damages for alleged violations spanning more than six years.

Second, Plaintiff's obstacle argument is flawed. Plaintiff argues the FCA was enacted because the Federal Government lacked the resources and manpower to pursue recovery for all wrongly paid funds.[13] She asserts 105b's notice requirement stands as an obstacle to an individual filing an FCA claim because its objective is to effectuate settlement and avoid litigation. She posits the only way around this obstacle is to refuse to settle, but doing so renders 105b meaningless.[14] This argument incorrectly assumes Congress' sole objective in enacting the FCA is to promote litigation to recover all wrongly paid funds.

While the FCA encourages private enforcement suits, the text of the FCA also evinces a congressional intent to limit suits by relators. For example, under the provision known as the "first-to-file bar," a relator may not "'bring a related action based on the facts underlying [a] pending action.'"[15] Sections 3730(e)(1) and (2) provide "[n]o court shall have jurisdiction" over certain FCA claims by relators against a member of the military or of Congress, a member of the judiciary, or a senior executive branch official. Section 3730(e)(4)(A) requires courts to "dismiss an action or claim" if the relator is not the original source of the information for an action based upon the public disclosures of allegations or transaction in a civil hearing.

---

[13] Doc. 113 at 11.

[14] *Id*.

[15] *Kellogg Brown & Root Servs., Inc. v. United States ex rel. Carter*, — U.S. —, 135 S. Ct. 1970, 1978, (2015) (quoting § 3730(b)(5); emphasis deleted).

4

Moreover, "[a]s a matter of public policy, the law favors and encourages settlements,"[16] so long as that policy does not override statutory rights.[17] Plaintiff does not argue any statutory rights have been overridden. The FCA even contemplates settlement by a qui tam plaintiff as evidenced by § 3730(b)(1), which states: "The action may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting." Refusing to settle the tort claim is not the only workaround to file a qui tam action. Plaintiff could settle her tort claims without settling the qui tam action.[18]

Finally, the Supreme Court recognizes a presumption against preemption.[19] In other words, preemption is generally disfavored.[20] The Court finds Plaintiff has failed to overcome this presumption. "The [FCA's] seal provision serves several purposes: '(1) to permit the United States to determine whether it already was investigating the fraud allegations (either criminally or civilly); (2) to permit the United States to investigate the allegations to decide whether to intervene; (3) to prevent an alleged fraudster from being tipped off about an investigation; and, (4) to protect the reputation of a defendant in that the defendant is named in a fraud action brought in the name of the United States, but the United States has not yet decided whether to

---

[16] *In re Dep't of Energy Stripper Well Exemption Litig.*, 653 F. Supp. 108, 115 (D. Kan. 1986) (citing *Bass v. Phoenix Seadrill/78, Ltd.*, 749 F.2d 1154 (5th Cir. 1985); *Amoco Prod. Co. v. Fed. Power Comm'n*, 465 F.2d 1350 (10th Cir. 1972)).

[17] *TBG, Inc. v. Bendis*, 36 F.3d 916, 924 (10th Cir. 1994).

[18] *See United States ex rel. Green v. Northrop Corp.*, 59 F.3d 953, 960 (9th Cir. 1995) (employee settled state-law claims against government contractor and later filed a qui tam action, which court allowed to proceed); *U.S. ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1168 (10th Cir. 2009) (applying federal common law to determine the enforceability of releases with FCA claims).

[19] *Wyeth v. Levine*, 555 U.S. 555, 565 (2009).

[20] *See Gallup Med Flight, LLC v. Builders Tr. of N.M.*, 240 F. Supp. 3d 1161, 1212–17 (D. N.M. 2017) (discussing law on preemption; noting the Supreme Court has now begun to back away from implied preemption based on an alleged conflict with the purposes underlying federal regulations and has put renewed emphasis on the presumption against preemption.).

intervene.'"[21]  Here, the hypothetical seal violation would not have incurably frustrated the FCA's purpose.  Although providing the City with 105b-notice would tip off the City and breach the seal, the Federal Government was still able to investigate the alleged fraud, determine whether it was already investigating the same issue, and whether it wished to intervene.  And because the seal violation involved disclosure between the parties rather than the public, the City's reputation suffered no harm.  The Court finds that waiting 120-days to file a qui tam complaint under seal would not work to discourage a citizen from exposing fraud.  The goals of Congress would still be possible to reach even if Plaintiff is made to comply with 105b and the FCA's seal provision.

The Court declines Plaintiff's invitation to find the FCA preempts K.S.A. § 12-105b.  Because Plaintiff did not provide the City with 105b notice, this Court lacks subject matter jurisdiction over Count III.  Accordingly, the Court grants the motion and dismisses Count III for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the City's Motion for Partial Judgment on the Pleadings (Doc. 107) is **GRANTED**.

**IT IS SO ORDERED.**

Dated: May 10, 2018

                                          S/ Julie A. Robinson
                                          JULIE A. ROBINSON
                                          CHIEF UNITED STATES DISTRICT JUDGE

---

[21] *Smith v. Clark/Smoot/Russell*, 796 F.3d 424, 430 (4th Cir. 2015) (*quoting United States ex rel. Lujan v. Hughes Aircraft Co.*, 67 F.3d 242, 245 (9th Cir. 1995)).